IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

JAMES HENRY HOWELL                                                               PLAINTIFF

V.                        CASE NO. 1:19-cv-64-BSM-BD

AL ROOKE, *et al*.                                                              DEFENDANTS

## RECOMMENDED DISPOSITION

I.   **Procedures for Filing Objections**

This Recommended Disposition (Recommendation) has been sent to Judge Brian S. Miller. Mr. Howell may file written objections with the Clerk of Court if he disagrees with the findings or conclusions in the Recommendation; but, to be considered, objections must be filed within 14 days. Objections should be specific and should include the factual or legal basis for the objection.

If Mr. Howell does not file objections, he risks waiving the right to appeal questions of fact. And, if no objections are filed, Judge Miller can adopt this Recommendation without independently reviewing the record.

II.  **Discussion**

The PLRA requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss any claim that fails to state a claim upon which relief may be granted before ordering service of process. 28 U.S.C. § 1915A(b).

In deciding whether a plaintiff has adequately stated a claim for relief, the Court will assume that Mr. Howell's allegations are true, so long as they are specific enough "to

raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint cannot simply "[leave] open the possibility that a plaintiff might later establish some 'set of undisclosed facts' to support recovery." *Id*. at 1968 (citation omitted). Rather, the facts set forth in the complaint must be sufficient to "nudge [the] claims across the line from conceivable to plausible." *Id*. at 1974.

In his original complaint, Mr. Howell complained generally about his treatment at the Fulton County Jail (Jail). The Court gave him a chance to file an amended complaint because his allegations, as set out in his complaint, did not state a federal claim for relief. (#4)

Mr. Howell has now filed his amended complaint, further explaining his claims against Defendant Cunningham.[1] (#5) He claims that Defendant Cunningham told another inmate that he was guilty of kidnapping and rape for the purpose of starting a fight between the inmates so that he could be charged with additional crimes. (#5) He never alleges that other inmates began fights over the information Defendant Cunningham shared or that he was injured in any way.

Mr. Howell attaches a grievance that, he says, "proves his life was put into jeopardy." (#5) The grievance includes no allegations regarding Defendant Cunningham,

---

[1] The Court construes his amended complaint as abandoning claims against Defendants Rooke, Warden, and Cawvey, who are not mentioned in the amended complaint.

2

but does include a request for a transfer to Izard County because, "I've had problems here." (#5, p.2)

Generally, words alone do not amount to a constitutional violation. *Hopson v. Fredericksen*, 961 F.2d 1374, 1378 (8th Cir. 1992); *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (words, even threatening language, do not support a § 1983 claim.) Here, the charges against Mr. Howell are a matter of public record. Even if Defendant Cunningham stated his belief that Mr. Howell was guilty, there is no indication that this statement placed Mr. Howell at a substantial risk of harm from other inmates.

### III.  Conclusion

The Court recommends that Mr. Howell's claims against Defendants Rooke, Cunningham, Warden, and Cawvey be DISMISSED, without prejudice. This lawsuit should be DISMISSED for failure to state a claim for relief. Furthermore, the dismissal should count as a "strike" for purposes of the Prison Litigation Reform Act.

DATED, this 29th day of August, 2019.

_____
UNITED STATES MAGISTRATE JUDGE